IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.    Case Nos.:   3:16cv111/MW/GRJ
                    3:13cr127/MW/GRJ

ROBERT EUGENE SPIKER

## **REPORT AND RECOMMENDATION**

This matter is before the Court upon Petitioner's "Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 3)[1], and the Government's Response thereto (ECF No. 5). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 Motion should be denied. *See* Rules 8(a) and (b) Governing Section 2255 Cases.

---

[1] Unless otherwise noted, ECF citations refer to documents filed in the civil case number, 3:16-cv-111.

# I. BACKGROUND

On June 27, 2013, a federal grand jury returned a five-count indictment charging Petitioner with soliciting the murder of an Assistant United States Attorney (AUSA Mark B. Devereaux) and a Federal Magistrate Judge (The Hon. Thomas E. Morris) and attempting to murder Mr. Devereaux. (ECF No. 1 in 3:13-cr-127.) Mr. Devereaux was the AUSA prosecuting a perjury case against Petitioner, and Judge Morris was the United States Magistrate Judge presiding over it. Petitioner was in federal custody on the perjury charges when he made plans to have Mr. Devereaux and Judge Morris murdered.

Counts One and Two charged Petitioner with threatening to murder a federal official (an AUSA and a United States Magistrate Judge, respectively), in violation of Title 18, United States Code, Section 115; Counts Three and Four charged Petitioner with solicitation to commit the murder of an officer and employee of the United States (an AUSA and a United States Magistrate Judge, respectively), in violation of Title 18, United States Code, Sections 1114 and 373; Count Five Charged Petitioner with attempting to kill an officer and employee of the United

States (an AUSA), in violation of Title 18, United States Code, Sections 1114 and 1113. The Court appointed attorney Roland Falcon to represent Petitioner. (ECF No. 11 in 3:13-cr-127.)

On January 22, 2014, Petitioner pleaded guilty to Counts Three, Four, and Five pursuant to a plea-bargain agreement in exchange for the Government's promise to dismiss Counts One and Two at Sentencing. (ECF No. 25 in 3:13-cr-127.) Thereafter, a United States Probation Officer prepared a Pre-Sentence Investigation Report ("PSR"). The PSR assessed a base offense level of 33. PSR at ¶ 86. After applying various upward adjustments and a downward adjustment of three levels for acceptance of responsibility, Petitioner's total offense level was 39. *Id.* at ¶¶ 44-56.

Each of Counts Three, Four, and Five carried a statutory maximum term of imprisonment of twenty years, a three-year term of supervised release, a $250,000 fine, and a $100 Special Monetary Assessment (SMA) *Id.* at ¶ 128. Based upon a total offense level of 39 and a criminal history category of VI, the Guideline imprisonment range was 360 months to life imprisonment. The statutory maximum, however, became the maximum of the Guidelines range. *Id.* at ¶ 129.

On March 31, 2014, United States District Judge Mark E. Walker sentenced Petitioner to 240 months as to each count, to run consecutively, for a total of 720 months, a three-year term of supervised release, and a $300 SMA. (ECF Nos. 41 & 42 in 3:13-cr-127.)

Petitioner's counsel moved to withdraw from further representation of Petitioner and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). On November 19, 2014, the Eleventh Circuit Court of Appeals granted counsel's motion and affirmed Petitioner's conviction and sentence. (ECF No. 56 in 3:13-cr-127.)

On February 25, 2016, Petitioner executed the instant § 2255 Motion, in which he asserts three claims of ineffective assistance of counsel and one claim of trial court error.

## II.  DISCUSSION

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section 2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or

laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

    The law is well established that a district court need not reconsider issues raised in a Section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided

adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under Section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under Section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a Section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a Section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice

resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington,* 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529

U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, a court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir.

1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S.

at 693). For a court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899

(11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving

Case Nos.: 3:13cr127/MW/GRJ; 3:16cv111/MW/GRJ

defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

### B. Ground One

In Ground One, Petitioner asserts his counsel was ineffective for promising Petitioner that if he pleaded guilty and told the Court he was satisfied with counsel's representation, he would receive at most a thirty-year sentence. Petitioner asserts he was shown an email from the AUSA prosecuting his case reflecting that if Petitioner pleaded guilty to the federal indictment, he would receive no greater than a thirty-year sentence. Petitioner received a sixty-year sentence.

The record reveals Petitioner executed a written plea-bargain agreement, which clearly set forth the statutory maximum term of imprisonment (twenty years) as to each count. *See* ECF No. 35 in 3:13-cr-127 at ¶ 2(a). The plea agreement further explicitly stated that the sentence was left solely to the discretion of the district court after consulting and

taking into account the Sentencing Guidelines. *Id.* at ¶ 2(g). The plea agreement further explained that "any prediction of the sentence that may be imposed is not a guarantee or binding promise." *Id.* at ¶ 3(a).

Moreover, at the hearing on Petitioner's guilty plea, the Court engaged in a Rule 11 colloquy with Petitioner, during which time the Court advised Petitioner of the maximum penalty as to each count and admonished Petitioner that his sentence may vary from any estimated sentence predicted by his attorney. *See* ECF No. 53 in 3:13-cr-127 at 15-18. Petitioner confirmed that he understood. *Id.* at 15, 18.

The Court further confirmed that there were no agreements made in the plea agreement or recommendations as to sentencing and explained to Petitioner that the determination of what would be an appropriate sentence is within the sole discretion of the district judge. *Id.* at 20. Petitioner confirmed on the record that he understood. *Id.*

Finally, the Court asked Petitioner, "Other than what is in the written plea agreement, are you relying on any other agreement, promise, or understanding with anyone concerning how your case will be handled or what sentence will be imposed if you plead guilty?" and Petitioner

responded, "No, Sir." *Id.* at 36.

"[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge*, 431 U.S. at 73-74. Solemn declarations in open court carry a strong presumption of verity. *Id.* at 74.

Petitioner provides no evidentiary support for his claim and does not produce the purported email guaranteeing his sentence at a thirty-year maximum. Moreover, the record further reveals Petitioner made no objection at sentencing on the grounds that his sentence violated a guarantee made by the Government or Petitioner's counsel.

Here, Petitioner's solemn declarations in open court, taken together with the representations he made in the signed plea-bargain agreement and the absence of any objection at sentencing, contradict his unsupported, self-serving allegation that counsel guaranteed a thirty-year cap at sentencing. Thus, Petitioner's claim of ineffective assistance is without factual or legal support, and Petitioner fails to overcome the record evidence demonstrating that counsel rendered constitutionally adequate

assistance. Accordingly, Petitioner fails to carry his burden under *Strickland* as to Ground One.

### C. Ground Two

In Ground Two, Petitioner asserts counsel failed to object to the Government's argument or the victim's testimony at sentencing. Petitioner asserts that, on multiple occasions, he instructed counsel to object to things said in court, but counsel told him no. Petitioner cites to various points in the sentencing hearing transcript where the record reflects Petitioner consulted with counsel off the record. Petitioner asserts these private discussions caused interruptions during the sentencing hearing.

Petitioner's conclusory allegations of ineffective assistance of counsel are insufficient to warrant relief. Petitioner alleges no specific facts establishing what was discussed during the private discussions with his attorney, on what grounds Petitioner instructed counsel to object, or why the failure to object prejudiced Petitioner. The Sixth Amendment does not require an attorney to make meritless objections, and Petitioner does not demonstrate that counsel failed to raise a meritorious one. Petitioner fails to establish counsel's performance was deficient or that he was prejudiced

Case Nos.: 3:13cr127/MW/GRJ; 3:16cv111/MW/GRJ

thereby. Ground Two thus fails under the *Strickland* test.

### D. Ground Three

In Ground Three, Petitioner asserts counsel was ineffective for failing "to speak out in court on [Petitioner's] behalf" and for failing "to object when asked by [Petitioner]." (ECF No. 3 at 6.) Petitioner does not explain when or why counsel should have spoken out and on what grounds counsel should have objected. Instead, Petitioner cites to a portion of the sentencing hearing transcript at which point Mr. Devereaux describes Petitioner's plan to kill him.

Petitioner asserts: "I told my attorney the day it happened, I was working on my radio at the jail (D. Ray James Holding Facility) and to get a copy of the surveillance tape. This would verify my statement." *Id.* at 7. These facts do not demonstrate a basis for a valid objection. Moreover, it is unclear how they are relevant to Mr. Devereaux's testimony or any issue at sentencing. Petitioner's Ground Three is too vague and conclusory to warrant relief under *Strickland*.

### E. Ground Four

In his final ground for relief, Petitioner asserts the sentencing court

erred by accepting hearsay statements "made by the victim (AUSA Mark Devereaux) as fact without an affidavit signed by Judge Morris." (ECF No. 3 at 8.) Petitioner makes reference to a portion of the sentencing hearing at which point Mr. Devereaux describes the career history and accomplishments of the second victim, Magistrate Judge Morris.

Petitioner could have, but failed to, assert this claim on direct appeal, and he does not demonstrate cause or prejudice. For this reason, Ground Four is procedurally barred.

Moreover, it is without merit. Hearsay is defined as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). Further, evidentiary requirements are more relaxed during a sentencing procedure, and reliable hearsay is admissible. *United States v. Decampo*, 573 F.3d 1091, 1098 (11th Cir. 2009). Petitioner has failed to identify a hearsay statement, let alone an unreliable one. Ground Four is procedurally barred and meritless.

### III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has not shown he is entitled to § 2255 relief. Therefore, Petitioner's Motion should be denied.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 3:13cr127/MW/GRJ; 3:16cv111/MW/GRJ

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The "Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 3) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 6th day of July, 2018.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any**

Case Nos.: 3:13cr127/MW/GRJ; 3:16cv111/MW/GRJ

**particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.